MIGUEL BUXEDA, JR., Plaintiff and Appellee, v. MODESTO ESCALERA ET AL., Defendants and Appellants.

No. 6353. Argued May 24, 1934.—Decided November 15, 1934.

R. *Díaz Cintrón* for appellants. R. *Ramírez Pabón* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

This is an injunction proceeding to recover possession of real property. The defendants moved to strike out certain parts of the complaint, filed a demurrer and answered denying the facts and stating new matter constituting an opposition and special defenses. The motion to strike and the demurrers were overruled and the new matter stricken out. Evidence was offered and the court decided the suit in favor of plaintiff. The statement of the case and opinion upon which its judgment was based, reads:

"In the instant case a petition for an injunction to recover the possession of a certain lot described in the complaint has been filed. The defendants filed a demurrer together with an answer. The demurrer is without merit for the complaint, although not a model of perfection because it includes undue allegations of questions of title, contains, however, the necessary allegations of a petition for an injunction to recover possession, which are that plaintiff, within the year preceding the filing of the complaint, was in actual possession of the lot described therein; that he has been deprived of said possession and tenancy, fully describing the acts by which he was dispossessed; and that said acts were performed by the other defendants by order of defendant Modesto Escalera.

"After the trial of the case with the appearance of both parties represented by their respective attorneys, it was satisfactorily proved that plaintiff took possession of the lot in question on February 3, 1932, and that he was in possession of the same until October 16 last when he was deprived of the possession by defendants, who began to build houses on said lot, and when plaintiff requested them to stop the constructions and abandon the property, they answered that they had been authorized by Modesto Escalera and they paid no attention to the requests of plaintiff. The acts performed by plaintiff, showing that he had been in actual possession of the property, consist in his having measured the property with the help of

a surveyor, having placed tubes on it to mark the boundaries and having sold part of the lot to one Jesús Gómez, who is in possession of the lot sold to him by plaintiff.

"Referring, as they do, to a lot without buildings, we understand that the acts of possession performed by plaintiff are sufficient to prove that he was in actual or real possession of the lot during the period alleged in the complaint.

"With this evidence as a basis, the court believes that in this case it is proper to render a judgment sustaining the complaint. ... "

■ The defendants were not satisfied and appealed to this Supreme Court assigning the commission of six errors. The first error assigned is that the district court erred in overruling their motion to strike. We are not convinced that it was proper to strike out as requested because plaintiff by making the allegation in his complaint that he had bought the lot in question from defendant Escalera and that he had segregated part of it and sold it to J. C. Gómez, gave color to the actual possession alleged as basis of the action and to lay the foundation for a perfect description of the property claimed. But even if it was an error, it would not be prejudicial. *Oliver et al.* v. *González et ux.,* 37 P.R.R 868.

■ The second error assigned attributes error to the district court in overruling the demurrer based on the ground that the complaint did not state sufficient facts to constitute a cause of action and of misjoinder of parties.

In complaints of this nature, in accordance with the statute applicable—Act No. 43 of 1913 (Laws of that year p. 84) amended by Act No. 11 of 1917 (2) (Laws of that year p. 220), in must be alleged that the plaintiff, within the year prior to the filing of the complaint, was in possession of the property in question and that he was deprived of or disturbed in his possession, clearly describing the facts constituting the disturbance or deprivation. On examination of the complaint, basis of this suit, we find that it complies with all the requisites mentioned.

The complaint does not state several causes of action. It can not be concluded that, as suggested by appellant, it refers to a revendicatory action, and one of unlawful detainer. The possessory action only arises from the facts. Plaintiff bought the property from one of the defendants, that is from Escalera. He took possession of the same measuring and marking it and without his consent and against his will defendant Escalera, within the year prior to the filing of the complaint, entered on the property and leased it to the other defendants who began to build their houses on it also without the consent and against the will of plaintiff, and the latter, in accordance with the definite provision of the law, requests the court to protect him and to order that he be restored in the possession of which he was deprived as mentioned. There was no error.

█ By the third and fifth assignments of error it is claimed that the district court erred in striking out the new matter contained in the answer and in not permitting the attorney for the defendants to make certain questions to plaintiff while the latter was testifying as his only witness.

As new matter, it was briefly alleged that in the Municipal Court of San Juan plaintiff Buxeda brought an action against defendant Escalera to recover $405 and in which plaintiff obtained a judgment in his favor; that Buxeda agreed with Escalera to accept in payment of the judgment 405 square meters of land and to that effect Escalera who is 92 years old and who scarcely knows how to sign was taken by Buxeda before a notary to execute the deed which was in effect executed and signed by Escalera under the belief that it referred only to the 405 meters of land agreed upon, and that later Buxeda wanted to take possession of 1,425 meters and Escalera objected but consenting that Buxeda take possession of the 405 which he had actually sold.

The mere statement of said facts is sufficient to conclude that the elimination was properly ordered. This Supreme Court has repeatedly decided interpreting the old law on

interdicts and the modern on injunctions of this nature, that the only matter involved in them is the question of possession.

"In an interdict," this court said speaking through its associate justice Mr. Sulzbacher in the case of *Padró* v. *Río,* 1 P.R.R. 552, 557, "the dispute can only be as to the possession, not as to the right to the same, which is what is implied by the substance of the judgment appealed from, and if the right of the holder to be in possession of the property was allowed to be discussed, the interdict would lose its nature and either the latter or the ordinary suit for a full discussion of the possession and ownership would be surplus, for they should be united in a single suit."

And in the case of *Fajardo Sugar Growers' Association* v. *Central Pasto Viejo, Inc.,* 41 P.R.R. 817, this Court also said through its Associate Justice Mr. Texidor:

"There is no question that this kind of interdict was adopted from the Spanish procedural law. Under that law (Law of Civil Procedure for Cuba and Puerto Rico, section 1654), the judge was prohibited from admitting any evidence not referring to the possession or tenancy of the property, or to the acts of dispossession or disturbance charged. Section 1 of our original statute, Act No. 43 of 1913, granted the remedy of injunction where a party showed that he had been deprived of the material possession by forcible or fraudulent acts of the adverse party. In the Act (No. 11) of November 14, 1917, similar provisions to those contained in Section 1649 of the Law of Civil Procedure for Cuba and Puerto Rico have been adopted and the remedy is granted to any party, who has been 'disturbed in the possession or tenancy,' to recover, not the title or right, but the material possession.

"What is sought and obtained through these summary proceedings, wherein the title is neither discussed nor determined, is what the text-writers call 'possessory protection.' Every possessor is entitled to be respected in his possession; such is the rule prescribed in Section 448 of the Civil Code of Puerto Rico. A possessor is a presumptive owner, and possession involves a state of fact which must be respected by all and upheld by the law."

The cross-examination was based also on facts related with the title to the property in question. The errors assigned were not committed.

 There only remains to consider the fourth and sixth assignments of error.

It is maintained by the fourth error assigned that plaintiff should not have been permitted to testify as a witness to facts of which he did not have personal knowledge and as to facts which he tried to prove with documentary evidence which was not and could not be admitted by the court, and by the sixth assignment of error that the court erred in weighing the evidence as a whole.

From the testimony of plaintiff we transcribe the following:

"Q. And before said date, that is, February 3, 1932 until October 16, 1932, what acts of possession have you performed on said property?

"A. I went on the property with a surveyor called Antonio Pereira of Río Piedras, and took possession; I made him measure the lot, and we dug in 4 tubes of galvanized iron, 4 tubes only, and we made a plan.

"Q. That plan which you mention, and which was made, is it this one I am showing you?

"Mr. Díaz Cintrón: One moment. It has not been identified; the person who made it has not been presented nor has he been sworn.

"Q. So you made a plan?

"A. Yes, sir.

"Q. How long did you remain on the property taking measurements for this plan?

"A. It took us about 3 hours to take the measurements.

"Q. Were any of the defendants present, especially Modesto Escalera?

"A. Yes, sir, he was present."

The plan was not presented. The fact of the measurements and the making of the plan even if it was not presented, was something which might be of the personal

knowledge of the witness and about which he had a right to testify.

Plaintiff continued to testify and referred to a certain advertisement offering the lot for sale which he had ordered to be published and which had been published in the newspaper *"El Mundo"* showing the newspaper. The attorney for defendants objected to the reading of the newspaper and the court overruled the objection saying as follows: "Of course, the adverse party may offer evidence to the contrary. Meanwhile the declaration of the witness is sufficient."

In their brief appellants limit themselves to state the happenings without citing any law or jurisprudence to support their objection. Under these circumstances we are not prepared to conclude that there was error. The newspaper was not presented in evidence and the witness who was testifying was the same person who sent the advertisement to be published in said newspaper.

The evidence of both sides was contradictory. The conflict was decided by the court in favor of plaintiff, and it has not been shown that it acted moved by passion, prejudice or bias, or that it committed manifest error. And the conflict thus decided, we agree with the court in that the evidence of the actual possession of plaintiff under claim of ownership is sufficient. After acquiring the property by a purchase appearing in a public deed the plaintiff went on the same and took possession of it, measuring it and marking it off by driving into the ground "deeply with a mallet long tubes of galvanized iron at four points," in the presence and without the objection of the main defendant, Escalera.

The fourth and sixth errors were not committed then either.

The appeal must be dismissed and the judgment appealed from affirmed.